**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000463
26-OCT-2012
08:58 AM**

NO. CAAP-11-0000463

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JACK THOMAS, Plaintiff-Appellant,
v.
COUNTY OF HAWAI'I, JAY KIMURA, JEFFERSON R. MALATE,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0128)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant, Jack Thomas (Thomas) appeals from the Final Judgment entered May 13, 2011 in the Circuit Court of the Third Circuit[1] (circuit court). Judgment was entered pursuant to the (1) "Order Granting Defendants County of Hawai'i, Jay Kimura and Jefferson R. Malate's Motion to Dismiss Plaintiff's Second Amended Complaint Filed January 12, 2012 as to Cause of Action for Violation of Privacy Rights Under the Constitution of the State of Hawai'i and [Chapter] 92F of the Hawai'i Revised Statutes Filed March 11, 2010," (Order Granting Motion to Dismiss) entered March 8, 2011; the (2) "Order Granting Defendants County of Hawai'i, Jay Kimura and Jefferson R. Malate's Motion for Summary Judgment Filed September 9, 2010," (Order Granting Summary Judgment) also entered March 8, 2011; and

---

[1] The Honorable Glenn S. Hara presided.

the (3) "Order Denying Plaintiff's Motion to Reconsider Defendants County of Hawai'i, Jay Kimura and Jefferson R. Malate's Motion for Summary Judgment (HRCP, Rule 60) Filed September 9, 2010, Filed April 4, 2011" entered June 13, 2011. Judgment was entered in favor of Defendants-Appellees County of Hawai'i (County), Jay Kimura (Kimura), and Jefferson R. Malate (Malate) (collectively, Defendants) and against Thomas as to all asserted claims.

On appeal, Thomas contends the circuit court erred when it:

(1) granted summary judgment in favor of Defendants despite Thomas's submission of admissible evidence establishing the essential elements for a claim of malicious prosecution;

(2) granted summary judgment in favor of Kimura though Kimura failed to submit any evidence in support of the September 9, 2010 "[Defendants'] Motion for Summary Judgment" (MSJ); and

(3) dismissed Thomas's claim for violation of privacy rights under the Constitution of the State of Hawai'i and Hawaii Revised Statutes (HRS) Chapter 92F (1993 & Supp. 2011) for lack of standing to assert a private claim.

## I. BACKGROUND

On January 26, 2005, Defendants filed a criminal complaint alleging violation of a temporary restraining order (TRO) that had been issued against Thomas based on a March 26, 2004 incident between Thomas and his neighbor. At a May 11, 2004 hearing, the matter had been resolved in Thomas's favor when the district court,[2] after consideration of allegations brought by Thomas's neighbor, including the March 26, 2004 incident, dissolved the TRO due to insufficient evidence. On April 12, 2007, Thomas filed the complaint in this case against Defendants alleging malicious prosecution, abuse of process, and violations of federal and state statutes and the United States

---

[2] The Honorable John P. Moran presided in this District Court of the Third Circuit matter.

2

Constitutions[3]; and on January 12, 2010, filed his second amended complaint, alleging violation of his privacy rights. On March 11, 2010, Defendants filed "[Defendants'] Motion to Dismiss Plaintiff's Second Amended Complaint Filed January 12, 2010 as to Cause of Action for Violation of Privacy Rights Under the Constitution of the State of Hawai'i and [Chapter] 92F of the Hawai'i Revised Statutes" (Motion to Dismiss). On September 9, 2010, Defendants filed their MSJ.

On March 8, 2011, the circuit court granted both the Motion to Dismiss and MSJ. On April 4, 2011, Thomas filed a Motion for Reconsideration. The circuit court entered Final Judgment May 13, 2011. On June 13, 2011, the circuit court denied Thomas's Motion for Reconsideration. On June 9, 2011, Thomas timely filed an appeal.

## II. STANDARDS OF REVIEW

### A. Dismissal of complaint

The appellate court reviews a dismissal under Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6) *de novo*. Bacerra v. MacMillan, 111 Hawai'i 117, 119, 138 P.3d 749, 751 (2006).

### B. Summary judgment

[An appellate] court reviews a trial court's grant of summary judgment *de novo*. O'ahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005). The standard for granting a motion for summary judgment is well settled:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of

---

[3] Thomas also filed a complaint against Defendants in the United States District Court for the District of Hawaii (District Court), which, on October 2, 2008, adjudicated Thomas's United States Constitution and 42 U.S.C. § 1983 claims. The District Court granted Defendants' Motion for Summary Judgment and Remanding State Law Claims on the grounds that (1) the Plaintiff failed to timely raise claims not included in the complaint, and (2) absolute immunity protected Defendants from § 1983 claims.

a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, [the appellate court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Price v. AIG Hawaiʻi Ins. Co., 107 Hawaiʻi 106, 110, 111 P.3d 1, 5 (2005) (original brackets and citation omitted).

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008).

## III.   DISCUSSION

**A.   The circuit court did not err in dismissing Thomas's claim for violation of privacy under HRS Chapter 92F, the Uniform Information Practices Act (UIPA).[4]**

Thomas contends Defendants violated HRS § 92F-14(9) when the criminal complaint signed by Malate allegedly disclosed Thomas's social security number. Defendants argue that HRS Chapter 92F does not provide a private right of action. The circuit court agreed with Defendants and dismissed the claim, stating HRS Chapter 92F "does not permit a private cause of action for an allegation of a violation of a right to privacy."

Thomas failed to file his complaint and second amended complaint as to his claim of violations of his privacy rights under the Constitution of the State of Hawaiʻi and HRS Chapter 92F within the applicable statute of limitations, HRS § 657-7. HRS § 657-7 provides that "[a]ctions for the recovery of compensation for damages or injury to persons," as the case here, "shall be instituted within two years after the cause of action accrue[s] . . . ."

Thomas's alleged cause of action of violation of his privacy rights accrued on or about January 26, 2005, when the criminal complaint was filed against him. Waugh v. University of Hawaiʻi, 63 Haw. 117, 127, 621 P.2d 957, 966 (1980). Thomas did not file his complaint until April 12, 2007, and his second

---

[4]   **HRS §92F-1 Short title.** This chapter shall be known and may be cited as the Uniform Information Practices Act (Modified).

amended complaint, alleging violation of his privacy rights, until January 12, 2010. In answer to Thomas's violation of privacy claim, Defendants raised the defense that Thomas failed to file his complaint and second amended complaint within the applicable statute of limitations. Defendants raised the same point in their motion to dismiss Thomas's claim of violation of privacy rights, citing HRS § 657-7.

Our review of the dismissal of Thomas's privacy claims is de novo. Because Thomas failed to file his privacy claims within the applicable statute of limitations, HRS § 657-7, we affirm the order dismissing these privacy claims.

**B. The circuit court correctly granted Defendants' Motion for Summary Judgment.**

Thomas alleges Defendants maliciously prosecuted a criminal complaint against Thomas despite evidence the incident in the criminal complaint was previously adjudicated in Thomas's favor. Defendants contend Malate and Kimura were not aware the prior proceedings took place at the time the charges were filed. The circuit court granted summary judgment in favor of Defendants on the grounds that "uncontroverted evidence" showed probable cause to file the criminal complaint.

A claim for malicious prosecution must show three essential elements, "that the prior proceedings were (1) terminated in the plaintiff's favor[;] (2) initiated without probable cause[;] and (3) initiated with malice." Young v. Allstate Ins. Co., 119 Hawai'i 403, 417, 198 P.3d 666, 680 (2008). Neither Thomas nor Defendants dispute evidence that the prior criminal proceeding initiated by Defendants terminated in Thomas's favor, satisfying the first element of malicious prosecution.

As to the second and third elements of the malicious prosecution claim, Defendants bore the burden of demonstrating that the prior proceedings were initiated with probable cause or without malice. In support of the MSJ, Defendants asserted there

was probable cause for initiating proceedings against Thomas. Probable cause exists where the party initiating the action "correctly or reasonably" believes there are facts sufficient to base a claim. Brodie v. Hawai'i Automotive Retail Gasoline Dealers Ass'n Inc., 2 Haw. App. 316, 318, 631 P.2d 600, 603 (1981) rev'd on other grounds, 65 Haw. 598, 655 P.2d 863 (1982). In Malate's Supplemental Declaration filed January 10, 2011, he declares the March 26, 2004 police report alleging Thomas violated a valid protective order gave him probable cause to file criminal charges against Thomas.

Once Defendants presented evidence of probable cause, the burden shifted to Thomas to show "specific facts" that Defendants acted without probable cause and with malice. Wong v. Cayetano, 111 Hawai'i 462, 483, 143 P.3d 1, 22 (2006). Thomas argues Defendants had no probable cause to file criminal charges since Defendants were aware of prior civil proceedings adjudicating the March 26, 2004 incident. Thomas, however, failed to show in his "Plaintiff's Memorandum in Opposition to [Defendants' MSJ]" filed November 22, 2010, specifically when Defendants became aware of the civil proceedings. Thomas stated in his "Original Supplemental Declaration of [Thomas] Regarding Plaintiff's Memorandum in Opposition to [Defendants' MSJ]" filed December 1, 2010, that he "personally supplied the prosecutor's office" with transcripts and letters demonstrating that a civil court adjudicated the March 26, 2004 incident in Thomas's favor, but failed to state the date he delivered these documents to Defendants. Thomas provided a letter that was sent to Defendants on March 9, 2005 informing Defendants of the prior civil proceedings. However, probable cause must be determined based on the facts known at the time the charge is filed rather than on any knowledge gained after the charge is filed. Orso v. City & Cnty. of Honolulu, 56 Haw. 241, 250, 534 P.2d 489, 495 (1975) overruled on other grounds by Kahale v. City & Cnty. of Honolulu, 104 Hawai'i 341, 90 P.3d 233 (2004). The letter provided to

Defendants after January 26, 2005, the date criminal charges were filed by Defendants against Thomas, was not helpful to Thomas.

Thomas failed to provide specific facts demonstrating Defendants had initiated criminal proceedings against him without probable cause or with maliciousness. Therefore, the circuit court correctly granted Defendants' MSJ in Thomas's malicious prosecution claim.

Thomas additionally contends the circuit court erred in granting the MSJ as to Kimura due to his failure to contest the allegations specifically made against him. However, in their MSJ, Defendants included a Memorandum in Support of the Motion addressing Thomas's claims and attached an exhibit of Kimura's deposition testimony contesting Thomas's claims against him.

## IV. CONCLUSION

The Final Judgment entered May 13, 2011 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, October 26, 2012.

On the briefs:

Charles J. Ferrera
for Plaintiff-Appellant.

Presiding Judge

Michael J. Udovic
Joseph K. Kamelamela
Deputies Corporation Counsel
County of Hawaiʻi
for Defendants-Appellees.

Associate Judge

Associate Judge